**Tim W. LILLIE and Ingeborg V. Lillie, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Pearl LILLIE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 20915, 20916.**

United States Court of Appeals Ninth Circuit.

Dec. 29, 1966.

Charles A. Pinney, Jr., McDaniel & Pinney, El Centro, Cal., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Richard C. Pugh, Acting Asst. Atty. Gen., Harry Marselli, Lee A. Jackson, Harry Baum, Stephen H. Paley, Attys., Tax Division, Dept. of Justice, Lester Uretz, Chief Counsel, Internal Revenue Service, Washington, D. C., for appellee.

Before MERRILL, and ELY, Circuit Judges, and HILL,* District Judge.

PER CURIAM:

Included in this petition for review are two separate cases which were consolidated for trial and remain consolidated for purposes of review. In No. 20915, Petitioners are Tim W. Lillie and Ingeborg V. Lillie, husband and wife. In No. 20916, Petitioner is Pearl Lillie, mother of Tim W. Lillie.

The issue is identical in both cases. In each, the taxpayer, having other income-producing activity, owned and fed cattle for profit. The cattle were located on

* Irving Hill, District Judge, sitting by designation.

the premises of feed-lot operators. In each case the taxpayer used a cash method of accounting and filed returns seeking to deduct, in the year paid, substantial payments made near the end of the year as prepayment for cattle feed. The deductions were claimed as ordinary and necessary business expenses in the year of payment under Section 162(a) of the Internal Revenue Code of 1954.

The Commissioner allowed only the value of the feed actually consumed by the cattle in the calendar year in which the payments were made. The remainder was disallowed on the principal ground that the payments were advance deposits for feed and services to be supplied in subsequent years, and thus deductible in the year or years when the feed and services were supplied.

The Tax Court sustained the Commissioner in an unanimous opinion published at 45 T.C. 54. This petition for review followed. The detailed facts and the Tax Court's grounds are adequately set forth in said opinion. Upon the reasoning of the Tax Court, its decision is

Affirmed.